# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**KUNTA K. REDD,**

    Petitioner,

v.                                                                              Civil Action No. **3:17CV393**

**ERIC WILSON,**

    Respondent.

## MEMORANDUM OPINION

Kunta K. Redd, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition ("§ 2241 Petition"). For the reasons set forth below, the § 2241 Petition will be dismissed for want of jurisdiction.

### I. Procedural History

Redd was convicted in the United States District Court for the Eastern District of North Carolina ("the Sentencing Court") of distribution of in excess of fifty (50) grams of cocaine base and was sentenced to 188 months of imprisonment. (§ 2241 Pet. 3.) The Sentencing Court previously has denied a 28 U.S.C. § 2255 motion filed by Redd. *United States v. Redd*, 519 F. App'x 173(4th Cir. 2013). In his present § 2241, Redd contends that he was improperly sentenced and deserves to be resentenced.

### II. Analysis

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is

inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[1] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).[2]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in

---

[1] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[2] Redd cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his own, has no source of redress." *Id.* at 333 n.3 (emphasis added).

Redd fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Redd fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Redd stands convicted, distribution of 50 grams or more of cocaine base, is still criminal. Instead, Redd seeks to proceed by § 2241 to challenge his purportedly illegal sentence. However, the "Fourth Circuit . . . has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333–34). Because Redd fails to demonstrate that § 2255 is inadequate and ineffective to test the legality of his conviction, he may not proceed under § 2241. Accordingly, the § 2241 Petition (ECF No. 1) will be DISMISSED FOR WANT OF JURISDICTION. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 9/14/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

3